Rachel M. Dollar, CSB 199977
rdollar@smithdollar.com
Richard R. Sutherland, CSB 240858
rsutherland@smithdollar.com
SMITH DOLLAR PC
Attorneys at Law
404 Mendocino Avenue, Second Floor
Santa Rosa, California 95401
Telephone:  (707) 522-1100
Facsimile:  (707) 522-1101

Attorneys for Plaintiff and Counter-Claim Defendant
JPMorgan Chase Bank, N.A.

Philip A. Baker, CSB 169571
pbaker@bknlawyers.com
Daniel P. Leonard, CSB 194268
dleonard@bknlawyers.com
BAKER, KEENER & NAHRA, LLP
633 West 5th Street, Suite 5400
Los Angeles, California 90071
Telephone:  (213) 241-0900
Facsimile:  (213) 241-0990

Attorneys for Defendant and Counter-Claim Plaintiff
First Mortgage Corporation

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

| | |
|---|---|
| JPMorgan Chase Bank, National Association, a National Banking Association,<br><br>    Plaintiff,<br>v.<br><br>First Mortgage Corporation, a California Corporation,<br><br>    Defendant. | CASE NO.:  EDCV 12-02230 VAP(DTBX)<br><br>**DISCOVERY**<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER**<br><br>**NOTE CHANGES MADE BY THE COURT**<br><br>Judge:  Honorable David T. Bristow<br><br>Complaint Filed:  December 18, 2012<br>Trial Date: |

**GOOD CAUSE FOR STIPULATED PROTECTIVE ORDER**

This matter involves the origination, sale and transfer of residential mortgage loans made to consumers.  The underlying relevant documents which will be exchanged in discovery include documents submitted by consumers to apply for and



1  obtain loans, including credit reports, bank statements, tax returns and other
2  documents which contain non-public personal and financial information and
3  documents of non-party consumers.  These documents and information are subject to
4  strict privacy laws and merit special protection from public disclosure and from use
5  for any purpose other than prosecution and defense of this litigation.  The personal
6  and financial information to be protected includes, but is not limited to, bank account
7  information, social security numbers, income, debt, credit card and credit
8  information, dates of birth, driver's license numbers, employment, and the names of
9  children or minors that are protected from disclosure by various state and federal
10 laws including, but not limited to, 15 U.S.C. §6802 et seq. ("Gramm-Leach-Bliley
11 Act").  Documents that should be protected include, but are not limited to: loan
12 applications, credit reports, bank statements, W-2s, 1099s and tax returns.  If the
13 confidential information or documents are made public, the non-party borrowers will
14 be harmed and prejudiced by having their private and confidential personal and
15 financial information in the public domain and will be exposed to a risk of identity
16 theft.  The parties will be harmed and prejudiced by being unable to comply with
17 State and Federal laws and may be subject to potential liability.
18       In addition, disclosure and discovery may involve production of documents or
19 information that the producing party may contend contains confidential, proprietary,
20 or private information, including, but not limited to, trade secrets and internal
21 documents and processes utilized by the parties in originating loans and investigating
22 and handling loan repurchase claims.  To the extent this is the case, this information
23 is entitled to special protection from public disclosure and from use for any purpose
24 other than prosecuting this litigation.  The parties may be harmed and prejudiced if
25 their confidential, proprietary, or private information is disclosed to the public
26 because it may reduce their competitive advantage and, thus, harm their respective
27 businesses.
28       The parties acknowledge that this Stipulated Protective Order does not confer



blanket protection on all disclosures or responses to discovery and that the protection afforded from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal without following the applicable local rules and procedures and does not exempt them from the standards applied by the Court when a party seeks permission to file material under seal.

IT IS HEREBY STIPULATED AND AGREED, by and between the parties to this action, through undersigned counsel, that the terms and conditions of this Stipulated Protective Order ("Protective Order") shall govern the production and handling of documents, answers, responses, depositions, pleadings, exhibits, and all other information exchanged by the parties in the above-entitled action relating to CONFIDENTIAL INFORMATION, as defined herein.

IT IS HEREBY STIPULATED AND AGREED THAT:

1. The transactions underlying this litigation involve mortgage loan transactions of non-party consumers. The documents that are relevant to this action may contain certain CONFIDENTIAL INFORMATION concerning the borrowers. This CONFIDENTIAL INFORMATION is the subject of certain State and Federal privacy laws and also includes personal identifying information of the borrowers that should not be publicly available.

2. CONFIDENTIAL INFORMATION shall include any and all information produced by another party to this action that is, or contains personal information of the borrowers including, without limitation, social security numbers, birth dates, primary addresses, telephone numbers, employers, salaries, bank account designations or numbers, credit accounts, personal financial information and any and all information protected from disclosure by applicable Federal or State privacy laws.

3. CONFIDENTIAL INFORMATION shall also include information, documents, or things, or portions of any document or thing, which belongs to a



PROOF OF SERVICE

1  designating party who in good faith believes that such information is entitled to
2  confidential treatment under this Protective Order because it contains Trade Secrets[1],
3  confidential, proprietary, or private information of the parties, including but not
4  limited to, internal documents and processes in connection with which disclosure
5  may cause significant harm to an individual or to the business or competitive position
6  of the designating party.

7      4.    CONFIDENTIAL INFORMATION shall not include information that is
8  publicly available.

9      5.    CONFIDENTIAL INFORMATION shall be disclosed only to: (a) the
10 Court ~~under seal~~; (b) the parties' respective counsel who are responsible for and/or
11 working directly in the prosecution or defense of this action, as reasonably necessary
12 (including support staff); (c) individual parties and in-house corporate or company
13 representatives of each party (officers, directors or employees of a party who have
14 been charged by their respective corporation or company with the responsibility for
15 providing support or making business decisions dealing directly with the subject
16 matter of this action); (d) and the additional individuals listed in items (i) through (v)
17 below.  All individuals to whom CONFIDENTIAL INFORMATION is disclosed
18 must have read this Protective Order in advance of disclosure.  All persons listed in
19 (i) through (v) below must sign an undertaking in the form attached as Exhibit A,
20 which shall be retained in the files of counsel:

21     i)    outside experts and outside consultants retained by the parties or their
22 counsel in this action;

23     ii)    a deponent or other witness who authored, received or saw a document
24 or thing marked "CONFIDENTIAL INFORMATION" or who is otherwise familiar

---

[1] Pursuant to California Civil Code § 3426.1, "Trade Secret" means information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) Derives independent economic value or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.



1   with the CONFIDENTIAL INFORMATION, or who may have testimony to offer
2   relevant to the CONFIDENTIAL INFORMATION;

3       iii)   independent copying services, independent exhibit makers and other
4   independent litigation support services retained by counsel;

5       iv)   independent paralegals, independent stenographic, independent clerical
6   employees and independent translators associated with the individuals in i-iii above,
7   but only as part of a disclosure to said individuals in accordance with this stipulation
8   and order; and

9       v)   such other individuals as the parties may stipulate.

10   6.   Parties shall designate CONFIDENTIAL INFORMATION as follows:

11       a.   In the case of documents, interrogatory answers, responses to
12   requests for admission, or any other written discovery response or disclosure and all
13   information contained therein, designation shall be made by placing the designation
14   "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION" on any such document
15   response or answer prior to production.  If originals of documents are produced for
16   inspection, then such designation shall be placed upon the documents at the time of
17   copying of such documents.  In the event that a party inadvertently fails to stamp or
18   otherwise designate a document or other information as CONFIDENTIAL
19   INFORMATION at the time of its production or disclosure, that party shall, within
20   fifteen (15) business days after such production or disclosure, so stamp or otherwise
21   designate the document or other information.  The party receiving such subsequent
22   designation shall immediately give notice thereof to each person, if any, to whom the
23   previously undesignated document or information was disclosed, and thereafter such
24   document or information and all such persons shall be subject to the provisions of
25   this Protective Order.

26       b.   In the case of depositions, designation of any portion of the
27   transcript (including exhibits) which contains CONFIDENTIAL INFORMATION
28   shall be made by a statement to such effect on the record in the course of the



1  deposition or upon review of such transcript by counsel for the party to whose
2  CONFIDENTIAL INFORMATION the deponent has had access.  Said review by
3  counsel shall occur within thirty (30) days after counsel's receipt of the transcript.
4  Counsel shall list on a separate piece of paper the numbers of the pages of the
5  transcript containing CONFIDENTIAL INFORMATION, inserting the list at the end
6  of the transcripts and mailing copies of the list to counsel for all parties so that it may
7  be affixed to the face of the transcript and each copy thereof.  Pending such
8  designation by counsel, the entire deposition transcript, including exhibits, shall be
9  deemed CONFIDENTIAL INFORMATION; if no such designation is made within
10  thirty (30) days after receipt of the transcript, the transcript shall be considered not to
11  contain any CONFIDENTIAL INFORMATION, unless previously so designated
12  during the deposition or upon subsequent agreement of the parties.

13        c.    Transcripts of depositions will not be filed with the Court unless it
14  is necessary to do so for purposes of trial, motions for summary judgment, or other
15  matters.  If a deposition transcript is filed and if it contains CONFIDENTIAL
16  INFORMATION, the transcript shall bear the appropriate legend on the caption page
17  and shall be filed under seal, in accordance with paragraph 10 below.

18      7.    The parties may agree with any third party witness that the third party
19  witness may invoke all provisions of this Protective Order which are available to the
20  parties herein, and, if so agreed in writing between the parties and a third party
21  witness,  the parties herein will treat all documents and other materials produced by
22  such third party witness, which information is designated in writing by the third party
23  witness as CONFIDENTIAL INFORMATION, in accordance with the terms of this
24  Protective Order.

25      8.    The parties recognize that in order to assist in the preparation of their
26  case, the receiving party may desire to utilize the services of experts or consultants,
27  whose advice and consultation are being or will be used by such party in connection
28  with this litigation.  Counsel desiring to disclose CONFIDENTIAL INFORMATION

1  to such experts or consultants shall first obtain a signed undertaking of each such
2  expert or consultant and each of his or her stenographic and clerical personnel who
3  may require access to such materials, in the form attached hereto as Exhibit A.  A file
4  shall be maintained by the attorneys of record of all signed undertakings, which file
5  shall, upon request, be available for inspection and copying by all other attorneys of
6  record herein, except that the undertakings signed by experts and/or consultants need
7  not be disclosed until after the statutory time for disclosure of expert witness
8  information.  A file shall be maintained by the attorneys of record of all signed
9  undertakings, which file shall, upon request, be available for inspection and copying
10 by all other attorneys of record herein, except that the undertakings signed by experts
11 and/or consultants need not be disclosed until after the statutory time for disclosure of
12 expert witness information and as required by the Federal Rules of Civil Procedure.
13 This Protective Order does not compel the Parties to produce information related to
14 designated experts or consultants not expressly designated by said party pursuant to
15 Rule 26(a)(2) prior to the conclusion of this case, except where a party has reasonable
16 cause to believe that CONFIDENTIAL INFORMATION has been disseminated in
17 violation of this Protective Order, that party may file a request with the Court that the
18 Court conduct an in camera review to determine whether a violation has occurred.

19        9.    CONFIDENTIAL INFORMATION or copies thereof bearing the
20 identification specified in paragraph 6(a) or containing the type of information
21 specified in paragraph 6(c) shall not be made public by counsel or persons entitled to
22 access to such materials under this Protective Order, and shall not be disclosed to
23 anyone other than the Court and the persons entitled to access to such materials under
24 this Protective Order, unless such CONFIDENTIAL INFORMATION becomes a
25 part of the public record of this litigation other than through conduct in breach of this
26 Protective Order.

27        10.   The party seeking to utilize or otherwise disclose any information
28 subject to confidential treatment in accordance with the terms of this Protective Order



1  in any pleadings, motions, objections or exhibits and other papers filed with the
2  Court shall seek to file such documents containing CONFIDENTIAL
3  INFORMATION under seal in accordance with the terms and procedures set forth in
4  Central District of California Local Rule 79-5.

5        11.    Based upon the protections afforded by this Protective Order, the parties
6  shall not redact any portion of any document exchanged in the course of discovery,
7  except to the extent that the information is believed by the conveying party to be
8  protected from disclosure by the attorney-client privilege, work-product immunity or
9  other applicable privilege, law or agreement. Notwithstanding, and although a
10 document or page of a document has been designated as "CONFIDENTIAL" or
11 "CONFIDENTIAL INFORMATION", it is not necessary to file it or any page of the
12 document under seal if the CONFIDENTIAL INFORMATION contained on the
13 document is redacted, either completely, as needed, or in accordance with Rule 5.2 of
14 the Federal Rules of Civil Procedure.

15       12.    All CONFIDENTIAL INFORMATION shall be used solely for the
16 purpose of prosecution or defense of this lawsuit, including, but not limited to, in
17 motion papers, at any motion hearing, in testimony at trial, offered in evidence at trial
18 or at any motion hearing, to prepare for discovery, to conduct discovery, to prepare
19 for trial, and to support or oppose any motion, all subject to the provisions of this
20 Protective Order or any further order regarding confidentiality as the Court may
21 enter.

22       13.    CONFIDENTIAL INFORMATION may not be used by the receiving
23 party for any business, commercial, competitive, personal, or other purpose, and shall
24 not be disclosed by the receiving party to anyone other than those set forth in
25 Paragraph 3, unless and until the restrictions herein are removed either by written
26 agreement of counsel for the parties, or by Order of the Court.

27       14.    <span style="color:red">Other than the Court and Court personnel</span>, each individual designated in
28 Section 5 of this Protective Order who receives any CONFIDENTIAL

1  INFORMATION hereby agrees to subject himself/herself to the jurisdiction of the
2  Court for the purpose of any proceedings relating to the performance under,
3  compliance with, or violation of, this Protective Order.

4  15.  The recipient of any CONFIDENTIAL INFORMATION that is
5  provided under this Protective Order shall maintain such information in a secure and
6  safe area and shall exercise the same standard of due and proper care with respect to
7  the storage, custody, use and/or dissemination of such information as is exercised by
8  the recipient with respect to its own proprietary information.

9  16.  A party shall not be obligated to challenge the propriety of a
10 CONFIDENTIAL INFORMATION designation at the time it is made, and failure to
11 do so shall not preclude a subsequent challenge thereto (subject to discovery or
12 motion cut-off dates imposed by the Court, Local Rule, Federal Rule of Civil
13 Procedure, or other applicable authority).  In the event that the parties to this action
14 disagree at any stage of this litigation with such designation, the dispute will be
15 resolved pursuant to Central District of California Local Rule 37.  In making or
16 opposing any motion relating to the designation of CONFIDENTIAL
17 INFORMATION, the party seeking to maintain a document as confidential shall bear
18 the burden of showing specific prejudice or harm that will result if no protective
19 order is granted.

20 17.  Nothing in this Protective Order shall preclude any party herein, their
21 attorneys or any other person from disclosing or using, in any manner or for any
22 purpose, any information or documents not obtained in discovery in this proceeding,
23 if such information is lawfully obtained from a third party having the right to disclose
24 such information, even though the same information or documents may have been
25 produced in discovery in this proceeding and designated as CONFIDENTIAL
26 INFORMATION.

27 18.  Nothing in this Protective Order shall preclude any party herein or their
28 attorneys (a) from showing a document designated as CONFIDENTIAL



1  INFORMATION to an individual who either prepared or reviewed the document
2  prior to the filing of this action, or (b) from disclosing or using, in any manner or for
3  any purpose, any information or documents from the party's own files which the
4  party itself has designated as CONFIDENTIAL INFORMATION.

5  19.   Nothing in this Protective Order shall require disclosure of material
6  which the conveying party contends might constitute a breach of an agreement with a
7  third party or is protected from disclosure by the attorney-client privilege, work-
8  product immunity, or other applicable privilege or law.  Withheld documents shall be
9  disclosed by way of privilege log to the extent required by applicable law.  This
10 Protective Order shall not preclude any party from moving the Court for an order
11 directing the disclosure of such material.

12 20.   This Protective Order shall survive the termination of this litigation.
13 Within sixty (60) days of the conclusion of this proceeding, upon the election of the
14 producing party, all CONFIDENTIAL INFORMATION and all copies thereof shall
15 be either returned to the producing party or destroyed and the receiving party shall
16 confirm that such destruction has occurred.  Notwithstanding this provision, Counsel
17 are entitled to retain an archival copy of all pleadings, motion papers, trial,
18 deposition, and hearing transcripts, legal memoranda, correspondence, deposition and
19 trial exhibits, expert reports, attorney work product, and consultant and expert work
20 product, even if such materials contain CONFIDENTIAL INFORMATION.  Any
21 such archival copies that contain or constitute CONFIDENTIAL INFORMATION
22 remain subject to this Protective Order.
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /



1  21. This Protective Order is without prejudice to the right of either party to
2  seek relief from the Court, upon good cause shown, from any of the provisions
3  contained herein.

4  THIS PROTECTIVE ORDER IS APPROVED AND STIPULATED TO BY:

Dated: May 1, 2013

SMITH DOLLAR PC

By  /s/ Rachel M. Dollar
Rachel M. Dollar
Richard R. Sutherland
Attorneys for Plaintiff and Counter-Claim
Defendant JPMorgan Chase Bank, N.A.

Dated: May 1, 2013

BAKER, KEENER & NAHRA, LLP

By  /s/ Daniel P. Leonard
Phillip A. Baker
Daniel P. Leonard
Attorneys for Defendant and Counter-
Claim Plaintiff First Mortgage Corporation



## ORDER

It is therefore ORDERED that all CONFIDENTIAL INFORMATION produced or disclosed by any party to this action may only be used by the party receiving the CONFIDENTIAL INFORMATION in accordance with this Order; it is further

ORDERED that the parties to this action shall cooperate with one another in interpreting and complying with this Order.

DATED: May 6, 2013

**HONORABLE DAVID T. BRISTOW**



**EXHIBIT A**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| JPMorgan Chase Bank, N.A.,<br><br>    Plaintiff,<br>v.<br><br>First Mortgage Corporation,<br><br>    Defendant. | CASE NO.: EDCV 12-02230 VAP(DTBX)<br><br>**AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER** |

    I hereby acknowledge that I, _____, am about to receive CONFIDENTIAL INFORMATION supplied in connection with the above-referenced proceeding, Central District of California Case No. EDCV 12-02330 VAP(DTBX).  I certify that I understand that the CONFIDENTIAL INFORMATION has been provided to me subject to the terms and restrictions of the Stipulation and Protective Order filed in this proceeding.  I have been given a copy of the Stipulation and Protective Order; I have read it, and I agree to be bound by its terms.

    I understand that CONFIDENTIAL INFORMATION, as defined in the Stipulation and Protective Order, including any notes or other records that may be made regarding any such materials, shall not be Disclosed to anyone except as expressly permitted by the Stipulation and Protective Order.  I will not copy or use, except solely for the purposes of this Proceeding, any CONFIDENTIAL INFORMATION obtained pursuant to this Protective Order, except as provided therein or otherwise ordered by the Court in the Proceeding.



1  I further understand that I am to retain all copies of all CONFIDENTIAL
2  INFORMATION provided to me in the Proceeding in a secure manner, and that all
3  copies of such CONFIDENTIAL INFORMATION are to remain in my personal
4  custody until termination of my participation in this Proceeding, whereupon the
5  copies of such CONFIDENTIAL INFORMATION will be returned to counsel who
6  provided me with such CONFIDENTIAL INFORMATION.
7  I declare under penalty of perjury, under the laws of the State of California,
8  that the foregoing is true and correct.  Executed this _____ day of
9  _____, 20____, at _____.

10
11  Dated:_____                    By:_____
                                                Signature
12
13                                             _____
                                                Title



- 14 -
PROOF OF SERVICE